UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

------------------------------------------------x
MICHELE MONSON                   :
    Plaintiff,                  :     CIVIL ACTION NO.
                                 :     3:09CV1096 (MRK)
vs.                              :
                                 :
THE WHITBY SCHOOL, INC.          :
    Defendant.                  :     SEPTEMBER 16, 2009
------------------------------------------------x

## ANSWER TO COMPLAINT

In as much as the introduction does not contain any allegations against the defendant, the defendant does not respond to this statement.

## I. JURISDICTION

1. The defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 1.

2. Paragraph 2 is admitted.

## II. PARTIES

3. The defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 3.

4. Paragraph 4 is admitted.

## III. STATEMENT OF FACTS

5. The defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 5.

6. The portion of paragraph 6 which states "[i]n the summer of 2000, Dr. Monson was actively recruited by defendant The Whitby School, Inc. ("Whitby") to serve as Head of School" is denied. The remaining portion of Paragraph 6 is admitted.

7. It is admitted that the plaintiff served as Head of School at Whitby from on or about 2000 until March 8, 2008, when she was notified that she would no longer be Head of School and was asked to resign. It is denied that the plaintiff had an extremely successful tenure to the benefit of Whitby.

8. Those portions of Paragraph 8 which state "at the time that Dr. Monson assumed the position of Head of School, Whitby's teacher salaries were below market levels", and "Dr. Monson implemented needed curriculum changes, faculty and administrative performance accountability standards" are admitted; however, the word "needed" is denied. Those portions of Paragraph 8 which state "there was no teacher accountability", there was no administrative or faculty performance management evaluation processes", "there was inadequate curriculum for all but the pre-school grades", "the school suffered from a deeply entrenched culture that was resistant to necessary changes" and "[Dr. Monson] reformed the business and admissions offices

(where she had uncovered serious problems)" and "created a more sophisticated and professional structure necessary to make the school competitive in the private school marketplace in the region" are denied. That portion of Paragraph 8 which states "during Dr. Monson's tenure, she developed a strategic plan for the school" is admitted; however the plan was done in association with the Board of Trustees.

9. It is admitted that as a result of the successes that the plaintiff inaccurately purported to have achieved, her contract was renewed in June 2004 for a four-year term.

10. It is admitted that Whitby was successfully accredited from the American Montessori Society ("AMS") and the Connecticut Association of Independent Schools ("CAIS") while Dr. Monson was Head of School. It is also admitted that the plaintiff had some limited successes in implementing the five-year Strategic Plan. Those portions of Paragraph 10 which state "The accreditation from CAIS was particularly significant as the association had informed the school that they would not participate in a joint accreditation with AMS and that the School had to meet standards exclusive to CAIS", and "Dr, Monson's leadership in securing accreditation for the school from CAIS reflected the substantial improvement of the curriculum and the quality of the faculty, and the implementation of best practices policies and organizational changes achieved during her tenure", the defendant is without knowledge or information sufficient to form a belief as to the truth of these averments. Those portions of Paragraph 10 which state

"the accreditation from AMS was also significant since changes at Whitby being implemented as part of the school's strategic plan were contrary to AMS's existing requirements for academic grouping" and "AMS modified its accreditation standards as a result of Dr. Monson's petition for variance, and allowed accreditation of a new program grouping structure, the Middle Elementary" are admitted.

11. Those portions of Paragraph 11 which state "during her employment as Head of School, Dr. Monson was also extremely successful in making Whitby considerably more visible in the area of independent school community", "Dr. Monson was the first Whitby Head of School to attend meetings of heads of school in Fairfield and Westchester counties" are denied. Those portions of Paragraph 11 which state "Dr. Monson served on accreditation committees evaluating other independent schools", "Dr. Monson attended and spoke at national and international educational conferences, published articles in several educational journals, and was selected as a Klingenstein Fellow from the Klingenstein Center for Independent School Education at Teachers College, Columbia University" are admitted. As to that portion of Paragraph 11 which states "Dr. Monson oversaw successful capital campaigns and building projects which increased the size of the Whitby campus, made it possible for Whitby to add new academic programs and resulted in increased retention of students into the elementary and middle school programs," it is admitted that as Head of School, Dr. Monson was

responsible to oversee the capital campaign, which was conducted by volunteers, and building projects; however, the defendant is without knowledge or information sufficient to admit or deny whether the campaign and/or projects made it possible for new academic programs or resulted in increased retention. The defendant denies that the alleged efforts of Dr. Monson increased the size of the Whitby School campus. Those portions of Paragraph 11 which state "Dr. Monson participated actively in mentoring efforts with other heads of schools in the tri-state region" and "Dr. Monson served on committees for CAIS and AMS", the defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations.

12. It is admitted that based on the plaintiff's misrepresentations about her job performance and contributions to the school, she was awarded bonuses on top of her base salary of either 4.5% or 5% during her tenure at the Whitby School. It is also admitted that 5% of Dr. Monson's base salary was the maximum possible discretionary bonus. As to the rest and remaining allegations of Paragraph 12, the defendant has insufficient knowledge or information sufficient to form a belief as to the truth of this allegation.

13. That portion of paragraph 13 which states "[a]t all times relevant herein, decisions concerning the retention and contract terms for Whitby's Head of School are referred in the first instance to the Head's Mentoring Committee of Whitby's Board of Trustees" is admitted  It is also admitted that in April 2007, based on the plaintiff's

misrepresentation of her success on behalf of the school, the Head's Mentoring Committee evaluated Dr. Monson and recommended that her contract be renewed for a six year term to end on June 30, 2013. It is, therefore, denied that the plaintiff's contract was renewed as a result of her successes.

14. That portion of paragraph 14 which states "[t]he recommendation of the Head's Mentoring Committee for a second renewal of Dr. Monson's contract was particularly reflective of her success as Head of School" is denied. To the extent that the allegations pertain to the substantive terms of the contract, the contract speaks for itself. It is denied that Whitby's Board of Trustees approached Dr. Monson about the renewal in the spring of 2007.

15. Paragraph 15 is admitted.

16. It is admitted that, at the time of the renewal of the plaintiff's contract, the Board of Trustees wanted to keep her employed as Head of School. That portion of the paragraph which states "And, notwithstanding that her then-current contract did not expire until July 2008, the then-Board insisted that the new contract go into effect immediately so as to raise her compensation to a level competitive with other Head of School positions in the Fairfield County – Westchester County area" is denied. It is denied that the Board took "affirmative action" to send a "strong and positive message".

17. To the extent that the allegations call for a legal conclusion, no response is required. To the extent that the allegations pertain to the substantive terms of the contract, the contract speaks for itself.

18. To the extent that the allegations call for a legal conclusion, no response is required. To the extent that the allegations pertain to the substantive terms of the contract, the contract speaks for itself.

19. It is admitted that prior to the start of the 2007-2008 school year, the Head's Mentoring Committee met with Dr. Monson and established performance goals for the upcoming year, and that the goals included improving operations in the business office and taking a more active role in the Parent's Association. As to the specific goals set forth in Paragraph 19, the defendant is without knowledge or information sufficient to form a belief as to the truth of this averment

20. It is denied that the plaintiff substantially achieved all performance goals. It is further denied that it was the plaintiff who "had obtained candidate status for the school programs for international accreditation well before the deadline" or "made substantial progress toward an accelerated schedule for the actual accreditation in the next school year." That portion of Paragraph 20 which states "[w]ith respect to her goal of enhancing coordination with the Parent's Association, Dr. Monson had developed a new position of Assistant to the Head of School for Community Relations, hired a

candidate for the position and implemented procedures for coordinating Parent Association communications through the Head's office" is admitted. Any implication in this paragraph that the new position and procedures were successfully implemented is denied. That portion of Paragraph 20 which states "and established the new position as a *de facto* secretary to the president of the Parent's Association" is denied. That portion of Paragraph 20 which states "[w]ith respect to the goal of improving the school's business operations, Dr. Monson worked closely with the Treasurer and Finance Committee of the Board of Trustees (which was charged under Whitby's charter with the authority to hire and set the salary for a full-time chief Financial Officer) to identify candidates for the CFO position" is denied. Insofar as Paragraph 20 states "[a]nd because Whitby had historically had significant difficulty hiring a full-time CFO, Dr. Monson recommended an outside accounting firm, and worked closely with that outside firm and the school's Treasurer to fill the void left by the lack of CFO" is admitted. Any implication that the need to hire an outside accounting firm was a credit to Dr. Monson is denied inasmuch as it was Dr. Monson's inability to hire a CFO and ensure the business affairs of Whitby were properly arranged that led to the necessity of hiring an outside accounting firm.

21. Paragraph 21 is admitted.

22. It is admitted that Richard Lukaj became a member of the Board of Trustees on November 1, 2007. It is denied that Vasan caused Richard Lukaj to be a

member. The portion of paragraph 22 which states "Defendant Lukaj's appointment as a trustee of the Whitby School occurred in derogation of the governance process required under the school's charter in that Lukaj was not vetted by the Governance Committee of the Board responsible for approving new candidates for the Board" is denied.

23. Paragraph 23 is denied.

24. Paragraph 24 is denied.

25. Paragraph 25 is denied

26. Paragraph 26 is denied.

27. To the extent that the allegations pertain to the substantive terms of the by-laws, the by-laws speak for themselves. That portion of Paragraph 27 which states "During the Board term beginning in July 2007, the presidency of the Parents' Association was jointly held by a husband and wife team" is admitted. As to that portion which states "Notwithstanding that there were two co-Presidents of the Parents' Association, Vasan appointed only the husband to serve as an *ex officio* member of the Board of Trustees" it is denied that it was Vasan's decision to appoint only the husband.

28. It is denied that as of July 1, 2007 the senior administrative team at the school consisted of the plaintiff, Valerie McCollum and Debbie Smith, and it is further denied that the team was entirely female. Those portions of the paragraph which state "Vasan also determined to remove the senior administrative team at Whitby and to

replace them with male successors" and "Within nine months, Vasan had effected the removal of all three members of that team, and replacement by male counterparts" are denied.

    a. It is admitted that in the late fall of 2007, Valerie McCollum was the only employee in the business office of the school. It is further admitted that the CFO position was then vacant. As to the plaintiff's understanding, the defendant has insufficient knowledge or information to form a belief as to the truth of the allegations. The rest and remaining allegations are denied.

    b. It is admitted that Ms. Smith was discharged on February 11, 2008. Any implication in this subparagraph that the decision to discharge Ms. Smith was made by Vasan or any other person other than by the plaintiff is denied. The remaining allegation is also denied.

    c. To the extent that these allegations are based on the plaintiff's understanding, the defendant has insufficient knowledge or information to form a belief as to the truth of the allegations. The defendant denies each and every remaining allegation including any implication that the Board ever sought replacement for Ms. McCollum's and Ms. Smith's positions.

    d. To the extent that these allegations are based on the plaintiff's understanding, the defendant has insufficient knowledge or information to form a belief

as to the truth of the allegations. The defendant denies each and every remaining allegation including any implication that the Board hired male replacements for Ms. McCollum's and Ms. Smith's positions.

29. It is denied that "Vasan also openly expressed contempt for the role of women (and plaintiff's role as a woman) in Whitby's governance and disparaged women's contributions to the school." It is admitted that Mr. Vasan encouraged fathers to be included on the email list. That portion of Paragraph 29 which states "[w]hen Vasan learned that a substantial number of the school's fathers were not on our list, he wrote to Dr. Monson indicating that he considered the list to be inadequate since communications about important matters of school governance should be sent to fathers, not the mothers" is denied. That portion of Paragraph 29 which states "[a]fter initially directing Dr. Monson to write the fathers to obtain their email address, Vasan changed his mind and indicated that he would write the fathers since the fathers would not be expected to be responsive to (or take seriously) a communication from Dr. Monson, a female" is denied. As to the rest and remaining portions of Paragraph 29 which were not specifically addressed, the defendant has insufficient knowledge or information to form a belief as to the truth of the allegations.

30. As to the plaintiff's understanding, the defendant has insufficient knowledge or information to form a belief as to the truth of the allegations. It is admitted

that at the open Parents' Association meeting, the Board asked Vasan to also encourage fathers to include their email address on the list as the parents were disconnected with the school and the Board expressed the sentiment that communication must be with both mothers and fathers, in order to properly involve both parents in the school. The remaining allegations in Paragraph 30 are denied.

31. To the extent that these allegations are based on the plaintiff's understanding, the defendant has insufficient knowledge or information to form a belief as to the truth of the allegations. The rest and remaining allegations of Paragraph 31 are denied.

32. To the extent that the allegations pertain to the substantive terms of the contract, the contract speaks for itself. The rest and remaining allegations are denied.

33. Paragraph 33 is denied.

34. As to the plaintiff's belief, the defendant has insufficient knowledge or information to form a belief as to the truth of the allegations. It is denied that the defendant identified a candidate to replace Dr. Monson as Head of School by early March 2008. As to the portion of Paragraph 34 which states "The candidate who ultimately replaced Dr. Monson was a male who had previously been interviewed by Dr. Monson for a position as Assistant Head for the school", the defendant has insufficient knowledge or information to form a belief as to the truth of the allegations. As to the portion of

Paragraph 34 which states "and hired by Dr. Monson to be a speaker at Whitby's 'Father's Day' event in the fall of 2007", it is denied that the candidate was "hired" to be a speaker, rather the candidate volunteered to discuss the International Baccalaureate Program with parents. It is admitted that the plaintiff's replacement was a male.

35. It is admitted that "On Saturday March 8, 2008, Vasan met with Dr. Monson and asked her to resign as Head of School." The rest and remaining allegations are denied, including any implication that the Chief Operating Officer was the plaintiff's replacement.

36. It is admitted that Vasan gave the plaintiff the option of resignation rather than termination. The rest of paragraph 36 is denied.

37. The allegations of Paragraph 37 are admitted, except that the word "demanded" is denied.

38. To the extent that Paragraph 38 pertains to a written separation offer, the document speaks for itself. All remaining allegations in this paragraph are denied.

39. The portion of Paragraph 39 which states "On Tuesday, March 11, the school publicly posted signs announcing an important Parents' Association meeting scheduled to be held two days later (presumably to announce Dr. Monson's replacement.)" is denied. Those portions of Paragraph 39 which state "that same day, Lukaj met with Dr. Monson and advised her that the Board was seeking her resignation"

and "Lukaj indicated that the Board needed a decision from Dr. Monson before the close of business that day" is admitted. That portion of Paragraph 39 which states "because it was being pressured by big donors who were threatening to leave the school" is denied.

40. It is admitted that on March 11, 2008, the defendant submitted a letter to the plaintiff notifying her of her discharge. With respect to the allegations pertaining to the substance of the letter, the letter speaks for itself. The defendants deny the word "purporting." As to when the letter was received, the defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation.

41. Those portions of Paragraph 41 which state "the letter dated March 11, 2008 was the first written communication received by Dr. Monson from the defendant purporting to allege any deficiency in her performance of her duties as Head of School" and "Indeed, Dr. Monson had, in fact, continued to meet with the Head's Mentoring Committee throughout the 2007-2008 school year and, in meetings held as late as the end of February 2008, the Head's Mentoring Committee had not raised any concerns about D. Monson's performance, but rather continued to voice strong support of Dr. Monson" are denied. The defendant denies the word "purporting." As to the allegations pertaining to the substance of the contract, the contract speaks for itself. To the extent that the allegations in this paragraph call for a legal conclusion, no answer is required. To the extent that an answer is required, such allegations are denied.

42. Paragraph 42 is denied.

## IV. CLAIMS FOR RELIEF

### A. FIRST CLAIM FOR RELIEF [Violation of Title VII as to defendant The Whitby School, Inc.]

1-42. The answers to Paragraphs 1 through 42 of this Complaint are incorporated herein and made the answers to Paragraphs 1 through 42 of this First Claim for Relief.

43. The defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 43.

44. Paragraph 44 is denied.

45. Paragraph 45 is denied.

46. Paragraph 46 is denied.

### B. SECOND CLAIM FOR RELIEF [Violation of the Connecticut Fair Employment Act as to defendant The Whitby School, Inc.]

1-43. The answers to Paragraphs 1 through 43 of the First Claim for Relief are incorporated herein and made the answers to Paragraphs 1 through 43 of this Second Claim for Relief.

44. Paragraph 44 is denied.

45. Paragraph 45 is denied.

46. Paragraph 46 is denied.

C. **THIRD CLAIM FOR RELIEF** [Breach of Contract as to defendant The Whitby School, Inc.]

1-42. The answers to Paragraphs 1 through 42 of the First Claim for Relief are incorporated herein and made the answers to Paragraphs 1 through 42 of this Third Claim for Relief.

43. Paragraph 43 is denied.

44. Paragraph 44 is denied.

45. The defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 45.

## AS TO ALL CLAIMS FOR RELIEF

All allegations not expressly admitted, denied or modified are hereby denied.

V. **PRAYER FOR RELIEF**

The defendant denies that the plaintiff is entitled to the relief enumerated and requested in the Complaint, or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

FIRST AFFIRMATIVE DEFENSE TO ALL COUNTS

The plaintiff failed to mitigate her damages.

SECOND AFFIRMATIVE DEFENSE TO ALL COUNTS:

The defendant is entitled to a set-off in the amount of $25,000 plus 4.85% interest beginning on May 1, 2008 for a loan given to the plaintiff that has not been repaid.

FIRST AFFIRMATIVE DEFENSE TO COUNT TWO:

The plaintiff's action is barred by the applicable statute of limitations as she did not file a complaint with the CHRO within 180 days of the defendant's alleged adverse action.

FIRST AFFIRMATIVE DEFENSE TO COUNT THREE:

The plaintiff failed to perform her duties and obligations under the contract.

WHEREFORE, the defendant prays that the Court dismiss the Complaint, and award the defendant such relief as the Court deems proper and just, including, on the First Claim for Relief, Attorneys Fees pursuant to 42 U.S.C. Section 2000e-5(k).

THE DEFENDANT,
THE WHITBY SCHOOL, INC.,


By___/s/_____
    Nicole C. Chomiak
    Federal Bar No: ct 18547
    NUZZO & ROBERTS, L.L.C.
    One Town Center
    P.O. Box 747
    Cheshire, Connecticut 06410
    Tel. (203) 250-2000
    Fax (203) 250-3131
    nchomiak@nuzzo-roberts.com

## CERTIFICATION

This is to certify that on September 16, 2009, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court(s) electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

David S. Golub, Esq.
Jonathan M. Levine, Esq.
Silver, Golub & Teitell, LLP
The Heritage Building
184 Atlantic Street
P. O. Box 389
Stamford, CT 06904

BENCH COPY VIA U.S. MAIL TO:
The Honorable Mark R. Kravitz
U.S. District Court
141 Church Street
New Haven, CT 06510

/s/
Nicole C. Chomiak

\\fp01\nuzzo\WP\401002\438\PLEADINGS\Answer to Complaint 09 16 09.doc